UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LYSHA ALEXANDER ET AL** | : | **CASE NO.  2:15-CV-00295** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **AXIALL CORP ET AL** | : | **MAGISTRATE JUDGE KAY** |

**ORDER**

Before the court is the Unopposed Motion to Substitute Party Plaintiff, filed by Donovan Wilson and Cory Wilson, who seek to be substituted as party plaintiffs for deceased plaintiff Hardy Wilson.  Doc. 137.  For the following reasons, the motion is **DENIED**.

In their August 29, 2023, motion to substitute, Donovan and Cory Wilson seek to substitute in place of their father Hardy Wilson, who is alleged to have died on January 11, 2021, and "passed away without a succession."  Doc.  120, p. 1.  The right to recover for tort damages he suffered "shall survive for a period of one year from the death of the deceased" in favor of tiers of beneficiaries, the first of which is the "surviving spouse and child or children of the deceased, or either the spouse or the child or children."  La. Civ. Code art. 2315.1.  Federal courts apply the Louisiana law governing motions to substitute on behalf of deceased party, which calls for the heir to file an "ex parte written motion supported by proof of his quality."  La. Code Civ. Proc. art. 801 (emphasis added).  "Proof of quality" means something "such as an affidavit of death and heirship or a judgment of possession." *Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So. 2d 11, 15 (La. App. 2 Cir. 1999).  The formal requirements of such an affidavit include the requirement that the

affidavit "shall be executed by two persons having knowledge of the facts sworn to." La. Code Civ. P. art. 2822.

Here, movants assert that Hardy Wilson died intestate and left only two children and a surviving spouse. These assertions are supported by the affidavits of movants Cory and Donovan Wilson, the children, and Wanda Wilson, the surviving spouse. Rather than a single affidavit executed by two persons with knowledge, movants attach three affidavits each executed by one person, none of whom are disinterested parties vis-à-vis the facts to which they attest. For the motion to substitute, the court will require that the affiants be disinterested.[1] Considering the foregoing, the court will deny the motion to substitute without prejudice to movants' right to correct the omissions identified herein.

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* La. Code Civ. Proc. art. 2822, cmt. (b) (official revision comment, 1960)(noting that there is no longer a statutory requirement that affiants be disinterested witnesses, but that at one time custom required heirship to be established by disinterested witnesses).